**UNITED STATES of America,**
**Appellee,**

v.

**Istvan KELE, Defendant–Appellant.**

**No. 04–0752.**

United States Court of Appeals,
Second Circuit.

May 3, 2004.

Robert P. Storch, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney, David M. Grable, Assistant United States Attorney), Albany, NY, for Appellant, of counsel. Molly Corbett (Alexander Bunin, Federal Defender, Gene V. Primomo, Assistant Federal Defender), Office of the Federal Defender, District of Northern New York and Vermont, Albany, NY, for Appellee, of counsel.

Present: McLAUGHLIN, SACK, Circuit Judges, and GERSHON, District Judge.*

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, AFFIRMED.

Istvan Kele challenges his indictment for illegal reentry pursuant to 8 U.S.C. § 1326 by collaterally attacking the legality of the underlying deportation. He argues that he did not knowingly or voluntarily waive his right to appeal the Immigration Judge's (IJ) deportation order to the Board of Immigration Appeals (BIA) and therefore satisfies the requirements of 8 U.S.C. § 1326(d). Because the district court was correct in concluding that Kele waived his right to appeal knowingly and voluntarily, we affirm the district court's denial of Kele's motion to dismiss the indictment.

We review a district court's denial of a motion to dismiss an indictment *de novo,* because it entails mixed questions of law and fact. *United States v. Fernandez–Antonia,* 278 F.3d 150, 156 (2d Cir.2002).

---

* Of the United States District Court for the Eastern District of New York, sitting by designation.

A defendant charged with illegal reentry "may collaterally attack an order of deportation on due process grounds where … the order becomes an element of a criminal offense." *U.S. v. Gonzalez–Roque,* 301 F.3d 39, 45 (2d Cir.2002). To do so, the defendant must show that he or she exhausted any administrative remedies that may have been available, was improperly deprived of the opportunity for judicial review, and that the entry of the order was fundamentally unfair. 8 U.S.C. 1326(d).

Although Kele acknowledges that he did not exhaust his administrative remedies, he argues that he was not required to do so because his right to due process was violated, because his waiver was neither knowing nor voluntary. To meet this burden, Kele must "demonstrate that defects in the deportation proceedings effectively deprived him of his right to direct appeal of the IJ's decision." *United States v. Paredes–Batista,* 140 F.3d 367, 376 (2d Cir.1998).

On the record before us, we think it clear that Kele was not deprived of his right to direct appeal and that his waiver was both knowing and voluntary. Kele filed a written notice of waiver in which he specifically relinquished his rights to appeal. The IJ informed him of his right to *pro bono* counsel, which he declined. In response to Kele's stated concern about the length of the appeals process, the IJ explained that all appeals would be heard within 180 days. Still, Kele maintained his desire to waive his right to appeal. The IJ then confirmed that Kele understood that as a result he would be sent back to Hungary as soon as arrangements to do so were made. Kele orally expressed his understanding. During the proceeding, the IJ asked three times whether Kele wanted to waive his rights to appeal. Each time Kele confirmed that he did.

As in *Paredes–Batista,* "it does not appear to us that [Kele] was deprived of his right to a direct appeal." *Id.* at 378. Therefore, Kele is precluded from collaterally attacking the validity of the deportation in the current proceedings.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.